## J. P. DUCONGÉ v. SAMUEL L. FORGAY.

The power to endorse bills of exchange and promissory notes, must be express and special.

An authorization to endorse other promissory notes, cannot be inferred from the fact, that the party whose name was forged on them, did not publicly denounce the forgery which first came to his knowledge ; this neglect on his part to denounce the crime to the public authorities, does not make him responsible for other forgeries of his name, which were then unknown to him, or give rise to an action for damages under Articles 2294 and 2295 C. C.

APPEAL from the Second District Court of New Orleans, *Morgan*, J. *T. W. Collens* and *L. Eyma*, for plaintiff and appellant.   *B. S. Tappan*, for defendant.

MERRICK, C. J.   The plaintiff's counsel states his case as follows, viz :

" The petition alleges and the evidence shows, one *Calder* was *Forgay's* friendly acquaintance ; that *Calder forged Forgay's* endorsement on a note for $1,000, which passed from *Gott* to *Fergus Gardère ;* that the *forgery* was discovered by *Forgay* and *Gardère* before the maturity of the note ; that *Forgay*, rather than prosecute, or even expose *Calder*, prevailed upon *Gardère* to retain the note ; promised that it would be paid, holding himself bound as if he had really endorsed it.

" The note was paid by *Calder* in installments as follows ; June 26th, 1846, $150 ; 29th June, 1846, $500 ; 11th July, $150 ; and 23d July, $200.

" In the meantime *Ducongé* bought from *Thomas Fellows* a note for $750, drawn by *Calder*, and purporting to be endorsed by *Forgay*, dated 11th July, 1846, *the very day Calder made one of his payments, on account, to Gardère;* and was discounted by *Ducongé* 22d July, 1846, *the day previous to the last payment made by Calder to Forgay*.

" It seems that other notes drawn and endorsed as the one in question, had been passed to other brokers.

" Under the circumstances, we hold that agreeably to the commercial law and the universal doctrine, civil and common law jurists, the defendant, *Forgay*, is liable to us on the note discounted by us, just as much as he was to *Gardère*, by assuming the endorsement held by that gentleman. Indeed, our claims are more equitable, for we had no suspicion of any forgery, till *Calder* had absconded.

" *Forgay*, by adopting the endorsement held by *Gardère*, sanctioned the act of *Calder*, who had written his (*Forgay's*) signature ; and this, in law, must be taken as acknowledging *Calder's* authority to sign for him, and to bind him (*Forgay*) by so doing."

In this statement, the supposed promise of *Forgay* to pay the note of $1,000, is made to appear somewhat more explicit than the proof will justify. We take the case for the purpose of this decision, however, as stated.

<small>Ducongè<br>v.<br>Forgay.</small>

The power to endorse bills of exchange and promissory notes, must be express and special. C. C. 2966.

It cannot, therefore, be inferred, that *Forgay* had authorized *Calder* to endorse other promissory notes in his name, because he did not publicly denounce the forgery which first came to his knowledge.

Neither can this neglect on the part of *Forgay* to denounce the crime to the public authorities, make him responsible for other forgeries of his name which were then unknown to him.

It is the duty, it is true, of every citizen to make complaint of all crimes and offences committed by individuals to his injury or prejudice, and the injury and prejudice of others, within his knowledge. But this, in the eye of the law, is a duty to the State, and not to individuals. Hence, no private person has a right to claim an indemnity for a breach of such duty, unless given by special statute.

The ancient English law, in regard to felonies committed within the hundred, which could only be relieved from the amercement by hue and cry, is an example of this kind of legislation.

Our statute in relation to injuries committed by mobs within municipal corporations, is another instance.

But aside from express legislation, we are not aware of any cases in which a civil action is given against a private person, because he has failed in his duty to the State, in denouncing a crime which has come to his knowledge.

The plaintiff urges, in substance, that if *Forgay* had made known to the public, that *Calder* had forged his endorsement on the note held by *Gardère* of $1,000, the plaintiff would have heard of it, and would not have bought the note for $750 from *Fellows*.

But *Forgay* may have supposed that the $1,000 note was the only one on which his name was forged. His neglect, therefore, to make complaint before a magistrate, could not be construed into a willingness to see others become victims to *Calder's* forgeries, nor as an act giving rise to damages under Articles 2294 and 2295 of the Civil Code. See *Hopkins* v. *Vanvickle*, 2 An. 144.

*Fellows* being the party from whom plaintiff bought the note, the endorsement of which is alleged to be forged, could not be a witness for the plaintiff without a release.

Judgment affirmed.